**SANDERS LAW GROUP**
Craig B. Sanders, SBN 284397
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125966

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chosen Figure, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>HomeLife Media, LLC,<br><br>      Defendant. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Chosen Figure, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant HomeLife Media, LLC ("*Defendant*") states and alleges as follows:

## **INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and

print publications.

3. Defendant owns and operates a website known as iheartdogs.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Chosen Figure LLC is a New Jersey limited liability company with a principal place of business in West New York, New Jersey.

6. Upon information and belief, Defendant HomeLife Media, LLC, is a California limited liability company with a principal place of business at 4130 E La Palma Ave., Anaheim in Orange County, California.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over HomeLife Media, LLC because it maintains its principal place of business in California.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because HomeLife Media, LLC does business in this Judicial District and/or because a substantial

part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is the legal and rightful owner of photographs which it licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14. HomeLife Media, LLC is the registered owner of the Website and is responsible for its content.

15. HomeLife Media, LLC is the operator of the Website and is responsible for its content.

16. The Website is a popular and lucrative commercial enterprise.

17. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

18. The Website is monetized in that it sells merchandise to the public

and, upon information and belief, Defendant profits from these activities.

19. On July 30, 2020, Plaintiff authored a photograph of Katie Holmes holding her dog ("*Photograph 1*"). A copy of Photograph 1 is attached hereto as Exhibit 1: #1.

20. On July 30, 2020, Plaintiff authored a photograph of Suri Cruise holding a dog bed and dog in both hands ("*Photograph 2*"). A copy of Photograph 2 is attached hereto as Exhibit 1: #2 (Photograph 1 and Photograph 2 are collectively referred to herein as the "*Photographs*").

21. The Photographs were registered by the USCO on October 12, 2020 under Registration No. VA 2-226-691.

22. On July 2, 2022, Plaintiff first observed the Photographs on the Website in a story dated August 7, 2020. Copies of the screengrabs of the Website including the Photographs are attached hereto as Exhibit 2.

23. The Photographs were displayed at URL: https://iheartdogs.com/katie-holmes-and-daughter-suri-cruise-show-off-their-pampered-pups/.

24. Photograph 1 was stored at URL: https://iheartdogs.com/wp-content/uploads/2020/08/katie_holmes-e1596650356143.png.

25. Photograph 2 was stored at URL: https://iheartdogs.com/wp-content/uploads/2020/08/suri_cruise-e1596650646938.png.

26. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*") as are set forth in Exhibit "1" on the Website.

27. Upon information and belief, the Photographs were copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

28. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc., 508* F.3d 1146, 1160 (9th Cir. 2007).

29. Each Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

31. Upon information and belief, Defendant directly contributes to the

content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to Molly Weinfurter who is listed on Defendant's Website as an Author ("Employees").

32. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

33. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

34. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

35. Upon information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

36. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

37. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

38. Upon information and belief, Defendant monitors the content on its

Website.

39. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

40. Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

41. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

42. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

44. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

45. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46. The Photographs are original, creative works in which Plaintiff owns valid copyrights properly registered with the United States Copyright Office.

47. Plaintiff has not licensed Defendant the right to use the Photographs

in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

48. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

50. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

51. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

52. As a result of Defendant's violations of Title 17 of the U.S. Code,

Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

53.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a.    finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

      d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

      e.     for pre judgment interest as permitted by law; and

      f.     for any other relief the Court deems just and proper.

DATED: March 29, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125966
*Attorneys for Plaintiff*